**In re Aker Kvaerner IHI, Relator.**

**No. 14–10–00538–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 21, 2010.

---

Richard W. Avery, Houston, for relator.

Gregory M. Cokinos, Spencer G. Markle, Diane Guariglia, Houston, Stanley W. Curry, San Antonio, for real party in interest.

Panel consists of Justices BROWN, SULLIVAN, and CHRISTOPHER.

## OPINION

KENT C. SULLIVAN, Justice.

On June 17, 2010, relator, Aker Kvaerner IHI, filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (Vernon 2004); Tex.R.App. P. 52. In the petition, relator asks this Court to compel the Honorable Dion Ramos, presiding judge of the 55th District Court of Harris County, to set aside the trial court's May 13, 2010 order directing the parties to arbitrate in Houston, Texas. We conditionally grant the petition.

### BACKGROUND

Relator and real party in interest, Bay Ltd., entered into a subcontract (the "Agreement") for the construction of a processing facility in Cameron Parish, Louisiana, in which relator was the contractor. The owner of the project was Cameron LNG, LLC ("Cameron").

The Agreement provided for arbitration of any disputes between relator and Bay with the arbitration to take place in Houston, Texas. However, the Agreement also contemplated that such claims could be consolidated with any disputes also involving Cameron.

After a dispute arose between relator and Bay, Bay initiated arbitration with the American Arbitration Association against relator in Texas on June 26, 2007 (the "Texas arbitration"). Subsequently, in December 2007, relator initiated arbitration against Cameron in San Diego, California, pursuant to its contract with Cameron (the "California arbitration"). Relator added Bay to that arbitration proceeding, notwithstanding the pending Texas arbitration, pursuant to the consolidation provision in the Agreement. The

AAA issued a consolidation order on April 13, 2009, directing that Bay be joined as a party to the California arbitration, and that Bay's claims be consolidated in the California arbitration.

On June 2, 2009, Bay and relator settled part of their dispute and dismissed the Texas arbitration, but agreed to arbitrate the remaining claims in the California arbitration. Relator and Cameron subsequently settled their dispute in mediation and, on August 31, 2009, Cameron was dismissed from the California arbitration. Relator notified Bay that it intended to proceed with arbitration of Bay's claims in San Diego.

Bay responded with a motion to dismiss the California arbitration, on September 18, 2009, and requested that the claims be transferred to the Dallas AAA office. Subsequently, on September 25, 2009, Bay filed an original petition for declaratory judgment in the trial court arguing that, with the dismissal of Cameron from the California arbitration, the arbitration of the claims should take place in Houston.

On February 12, 2010, Bay filed a motion to compel arbitration requesting that the trial court order the arbitration to take place in Houston. The trial court held a hearing on Bay's motion to compel on March 1, 2010, and granted the motion by way of a March 2, 2010 order, but the order did not explicitly specify the location of the arbitration. Bay informed the AAA of the trial court's March 2, 2010 order, and relator filed a motion for rehearing and/or motion to clarify the March 2, 2010 order.

The AAA requested on March 19, 2010, that the parties submit "locale contentions" so that it could make its locale determination. On April 16, 2010, the AAA issued its order that the arbitration "hearings will be held in San Diego, CA."

After the AAA issued its locale order, Bay filed a motion to clarify the March 2, 2010 order. On May 13, 2010, the trial court signed a new order conflicting with the AAA's locale order, directing that the arbitration take place in Houston.

On May 17, 2010, the AAA reversed itself and notified the parties, that the arbitration hearings would take place in Houston in accordance with the trial court's May 13, 2010 order. Relator then filed this original proceeding seeking to set aside the trial court's May 13, 2010 order.

## STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and there is no adequate remedy by appeal. *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex.2010) (orig. proceeding) (per curiam). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Columbia Med. Ctr. of Las Colinas*, 306 S.W.3d 246, 248 (Tex.2010) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex.2005) (orig. proceeding) (per curiam). In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex.2008) (orig. proceeding).

## ANALYSIS

Relator argues that the trial court does not have jurisdiction to change the locale of the arbitration of the claims as determined by the AAA. At oral argument,

Bay conceded that the May 13, 2010 order is unenforceable. We agree.

The Federal Arbitration Act ("FAA") is part of the substantive law of Texas. *Capital Income Props.-LXXX v. Blackmon*, 843 S.W.2d 22, 23 (Tex.1992) (orig. proceeding) (per curiam).[1] If the FAA applies, as here, a trial court does not have the power to review any interlocutory ruling by an arbitration panel. *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir.1980). Instead, it is only after an award has been made by the arbitrators that a party can seek to attack any of the arbitrators' determinations in court, by moving either to vacate the award, or to modify or correct it. *Id.* Accordingly, until an award has been made, a court is simply without authority to review the validity of arbitrators' interlocutory rulings. *Id.*

This case had not yet progressed to the stage of a "final" award at the time of the trial court's May 13, 2010 order. Before an arbitration order may be considered "final," the arbitrators must have intended for the award to represent their complete determination of all claims submitted to them. *Id.* at 413. An interlocutory AAA ruling does not meet this standard; therefore, such a ruling, including a locale determination, is not subject to judicial review. *Aerojet–Gen. Corp. v. Am. Arbitration Ass'n*, 478 F.2d 248, 251 (9th Cir.1973); *S.J. Groves & Sons Co. v. Am. Arbitration Ass'n*, 452 F.Supp. 121, 124 (D.Minn.1978); *Conestoga Title Ins. Co. v. Acoustic Home Loans, LLC*, No. 1:06–CV–1636, 2007 WL 1058228, at *2 (S.D.Ind. Apr. 5, 2007).

1. Bay does not dispute that the FAA is applicable to the underlying arbitration proceeding.

Moreover, under the rules of the AAA by which the parties agreed to be bound, the arbitrators' decision on locale is considered final and binding. Specifically, Rule R–11 of the Construction Industry Arbitration Rules—the rules applicable to the underlying arbitration proceeding—states with regard to "Fixing of Locale":

> The parties may mutually agree on the locale where the arbitration is to be held. If any party requests that the hearing be held in a specific locale and the other party files no objection thereto within fifteen calendar days after notice of the request has been sent to it by the AAA, the locale shall be the one requested. If a party objects to the locale requested by the other party, the AAA shall have the power to determine the locale, and *its decision shall be final and binding.*

(Emphasis added).

In light of the AAA's decision to reverse its determination of the arbitration's locale "[i]n accordance with the submitted revised Court order of May 13th," it is appropriate for relator to seek to set aside that order. In that regard, relator points to, among other things, correspondence in which Bay threatens that a failure to comply with the trial court's order as to the required venue for the arbitration could result in a request for contempt.[2]

Having determined that the trial court abused its discretion by interfering with an interlocutory ruling by the AAA, we must determine whether relator has an adequate remedy by appeal. "[Mandamus] will issue when the failure to do so would vitiate and render illusory the subject matter of an appeal." *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

Any appeal after the conclusion of the arbitration would vitiate relator's right to have the AAA decide the locale issue. To allow judicial intervention prior to the final award would contravene the fundamental policy of deference to contractual dispute resolution, and would interfere with the purpose of arbitration: the speedy resolution of grievance without the time and expense of court proceedings. *Millmen Local 550 v. Wells Exterior Trim,* 828 F.2d 1373, 1375 (9th Cir.1987).[3] Therefore, relator does not have an adequate remedy by appeal.

## CONCLUSION

We conclude that the trial court abused its discretion by ordering the parties to arbitrate their dispute in Houston and otherwise usurping the decision-making authority of the AAA, and relators do not have an adequate remedy by appeal. Accordingly, we conditionally grant the petition for writ of mandamus and direct the

---

**2.** Bay stated in a letter to the AAA that "AK IHI's admonishment to the AAA that it should not proceed with setting the locale or with appointment of arbitrators is equally misguided, and borders on *encouraging inaction in contempt of a court order.* If AK IHI intends to appeal the Court's order, that does not justify further delays on this nearly three year old proceeding.... [Bay] asks that [the] *AAA comply with the Court's order* and proceed with arbitrator selection for a panel to arbitrate this dispute in Texas." (Emphasis added).

**3.** *See also Michaels,* 624 F.2d at 414 ("Most of the advantages inherent in arbitration are dissipated by interlocutory appeals to a district court."); *Collins v. Tex Mall, L.P.,* 297 S.W.3d 409, 417 (Tex.App.-Fort Worth 2009, no pet.) ("Subjecting partial awards to judicial review would require the trial courts to hold themselves open as appellate tribunals during ongoing arbitration proceedings, resulting in a waste of time, the interruption of the arbitration proceedings, and delaying tactics in a proceeding that is supposed to produce a speedy decision.").

trial court to vacate its May 13, 2010 order. The writ will issue only if the trial court fails to act in accordance with this opinion.