ACCEPTED
01-15-00435-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/16/2015 6:43:59 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-435-CV

**IN THE COURT OF APPEALS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/16/2015 6:43:59 PM
CHRISTOPHER A. PRINE
Clerk

**FIRST DISTRICT OF TEXAS, HOUSTON**

IRVING DROBNY, as representative of NAIU and NAIC,
Appellant

v.

AMERICAN NATIONAL INSURANCE COMPANY,
Appellee

**APPELLEE'S BRIEF**

Janet L. Rushing
State Bar No. 17403100
Roni S. Mihaly
State Bar No. 24027899
David J. Booth
State Bar No. 24034333
Greer, Herz & Adams, L.L.P.
2525 South Shore Blvd., Suite 203
League City, Texas 77539
(409) 797-3204 (Phone)
(281) 538-3791 (Fax)

ORAL ARGUMENT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

1)     Irving Drobny, as representative of NAIU and NAIC, is Appellant.

2)     Counsel for Appellant is:
       Savannah Robinson
       State Bar No. 17108150
       1822 Main
       Danbury, Texas 77534

3)     American National Insurance Company is Appellee.

4)     Counsel for Appellee is:
       Janet L. Rushing
       State Bar No. 17403100
       Roni S. Mihaly
       State Bar No. 24027899
       David J. Booth
       State Bar No. 24034333
       Greer, Herz & Adams, L.L.P.
       2525 South Shore Blvd., Suite 203
       League City, Texas 77539

# TABLE OF CONTENTS

Identity of Parties and Counsel ............................................................................i

Index of Authorities ........................................................................................iv

Statement of the Case......................................................................................1

Oral Argument ...............................................................................................1

Issue Restated................................................................................................1

The Record....................................................................................................2

Procedural History .........................................................................................2

Statement of Facts ..........................................................................................5

Summary of the Argument................................................................................9

Argument.....................................................................................................10

    I.     This Court lacks jurisdiction to consider this appeal ..........................10

          A.    Tex. Civ. Prac. & Rem. Code §171.098(a)(1) does not confer jurisdiction on this Court for interlocutory appeal ...................10

          B.    Tex. Civ. Prac. & Rem. Code §51.014(d) does not confer jurisdiction on this Court for interlocutory appeal ...................11

          C.    NAIU has not established entitlement to mandamus relief ......12

          D.    No other basis for jurisdiction exists ......................................13

               1.    The May 1, 2015 order is not a final, appealable judgment and no appellate jurisdiction exists under Tex. Civ. Prac. & Rem Code §51.012 ...................13

               2.    No statutory basis for interlocutory jurisdiction exists .14

    II.    The trial court properly denied NAIU's Motion because it lacked the authority to vacate the Prehearing Security Order .............................15

          A.    The Federal Arbitration Act applies to the underlying arbitration .......................................................................15

B. Despite the title of its Motion, NAIU sought to vacate the Prehearing Security Award ..........................................................16

C. Regardless of whether the Prehearing Security Order was an "award" subject to review under the FAA, the trial court lacked the authority to vacate the award ..............................................16

    1. If the Prehearing Security Order is not an "award" the trial court cannot review that Order.................................17

    2. If the Prehearing Security Order is an "award" reviewable under the FAA, the trial court still could not review it because NAIU's Motion was untimely..........18

        a. Prehearing security orders are "awards" under the FAA and are reviewable.......................................18

        b. The trial court lacked authority to vacate the Prehearing Security Order because NAIU's motion to vacate that award was untimely ........................19

III. Even if the trial court could consider NAIU's Motion, the trial court did not err in denying that Motion because the arbitrators did not exceed their authority; they interpreted the parties' contract and applied relevant case law....................................................................23

A. Judicial review of an arbitration award is "exceedingly narrow" and arbitrators do not exceed their authority if they, even arguably, interpret the contract between the parties .................23

B. The arbitration panel construed the Underwriting Agreement and, for that reason, the trial court did not err in denying NAIU's motion to vacate the Prehearing Motion.....................24

C. Whether the arbitration panel misconstrued the Underwriting Agreement is not relevant to whether or not the trial court could vacate the Prehearing Security Order on the ground that the arbitrators exceeded their authority .........................................26

IV. NAIU's arguments related to the Discovery Order are meritless because the Discovery Order was never placed in front of the trial court for review, but even if it had been, the trial court could not

vacate the Discovery Order because it is not an "award," and thus not subject to review by the court ...............................................................29

    A.    This Court should decline to consider NAIU's argument that the trial court should have vacated the Discovery Order because the issue was never presented to the trial court and the trial court never ruled on the Discovery order ..................................29

    B.    The Discovery Order is not an "award" under the FAA and cannot be reviewed by a court ....................................................30

V.    The court cannot impose procedural rules on the underlying arbitration .......................................................................................31

Prayer ........................................................................................................33

# INDEX OF AUTHORITIES

## Cases

*ANR Coal Co., Inc. v. Cogentrix of N. C., Inc.*,
173 F.3d 493 (4th Cir. 1999) ................................................................... 15. 16

*Bison Bldg. Materials, Ltd. v. Aldridge*,
422 S.W.2d 582 (Tex. 2012) ..................................................................... 13, 14

*BNSF Ry. Co. v. Alstom Transp., Inc.*,
777 F.3d 785 (5th Cir. 2015) ............................................................................24

*Broemer v. Houston Lawyer Referral Serv.*,
407 S.W.3d 477(Tex. App.—Houston [14th Dist.] 2013, no pet.) ......... 20, 22, 23

*Cigna Ins. Co. v. Huddleston*,
986 F.2d 1418 (5th Cir. 1993) .........................................................................20

*Digital Equip. Corp, v. Desktop Direct, Inc.*,
511 U.S. 863, 114 S. Ct. 1992, 128 L. Ed.2d 842 (1994) ...................................14

*Drobny v. Am. Nat'l Ins. Co.*,
2013 WL 4680411(Tex. App.—Houston [1st Dist.]
August 29, 2013, no pet.) ............................................................. 3, 4, 5, 6, 7, 27

*First State Ins. Co. v. Nat'l Cas. Co.*,
781 F.3d 7 (1st Cir. 2015) ...............................................................................23

*Florasynth, Inc. v. Pickholz*,
750 F.2d 171 (2nd Cir. 1984) ...........................................................................20

*Green Tree Fin. Corp. v. Randolph*,
531 U.S. 79, 121 S. Ct. 513, 148 L.Ed.2d 373 (2000) .........................................14

*Hall Street Assoc., LLC v. Mattel, Inc.*,
552 U.S. 576, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008) .....................................32

*Hill v. Norfold & W. Ry. Co.*,
814 F.2d 1192 (7th Cir. 1987) .........................................................................27

*In re Aker Kvaerner Ihi*,
324 S.W.3d 891 (Tex. App.—Houston [14th Dist.] 2010, no pet.) .............. 17, 31

*In re Butler*,
270 S.W.3d  757, 758 (Tex. App.—Dallas 2008, orig. proceeding) ...................12

*In re Gulf Exploration, LLC*,
   289 S.W.3d 836 (Tex. 2008) ...................................................................5

*In re Jordan*,
   No. 05-12-00185-CV, 2012 WL 506579 (Tex. App.—Dallas Apr. 3, 2012, orig.
   proceeding) (mem. op.) ......................................................................12

*In re: Chevron U.S.A., Inc.*,
   419 S.W.3d 318 (Tex. App.—El Paso 2010, no pet.) .........................................17

*Int'l Bd. Of Elec. Workers, Local Union No. 969 v. Babcock & Wilcox*,
   826 F.2d 962 (10th Cir. 1987) .............................................................20

*Island Creek Coal Sales Co. v. Gainesville*,
   729 F.2d 1046 (6th Cir.1984) ..............................................................19

*John Wiley & Sons, Inc. v. Livingston*,
   376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898  (1964) ........................................31

*La. Health Serv. Indem. Co. v. Gambro A B*,
   756 F. Supp.2d 760 (W.D. La. 2010) ........................................................20

*Lehmann v. Har-Con Corp.*,
   39 S.W.3d 191 (Tex. 2001) .................................................................13

*Michaels v. Mariforum Shipping, S.A.*,
   624 F.2d 411 (2d Cir. 1980) .......................................................... 17, 31

*Nafta Traders, Inc. v. Quinn*,
   339 S.W.3d 84 (Tex.2011) ..................................................................32

*Oxford Health Plans, LLC v. Sutter*,
   133 S.Ct. 2064, 186 L.Ed2d 113 (2013) ............................................ 23, 24, 27

*Pac. Reinsurance Mgmt Corp, v. Ohio Reinsurance Corp.*,
   935 F.2d 1019 (9th Cir. 1991) .............................................................19

*Parisi v. Netlearning, Inc.*,
   139 F. Supp.2d 745 (E.D. Va. 2001) ........................................................15

*Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*,
   477 F.3d 1155 (10th Cir. 2007) ............................................................20

*Smith Barney Shearson, Inc. v. Sherman*,
   47 F.3d 750 (5th Cir. 1995) ...............................................................32

*Stolt-Nielsen, S.A. v. Animalfeeds Int'l,*
   559 U.S. 662, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010) .....................................24

*Taylor v. Nelson*,
 788 F.2d 220 (4th Cir. 1986) ........................................................................20

*Volt Info. Sci., Inc. v. Bd. Of Tr. of Leland Stanford Junior Univ.*,
 489 U.S. 468 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989) ......................................31

*Walker v. Packer*,
 827 S.W.2d 833 (Tex. 1992) .........................................................................12

*Yasuda Fire & Marine Ins. Co. of Europe v. Cont'l Cas. Co.*,
 37 F.3d 345 (7th Cir. 1994) ...................................................................... 17, 31

## Statutes

9 U.S.C. §12 ...................................................................................... 16, 20

9 U.S.C. §9-10 ................................................................................... 17, 31

9 U.S.C. §16 ...........................................................................................14

Tex. Civ. Prac. & Rem. Code §51.012 ....................................................13

Tex. Civ. Prac. & Rem. Code §51.014(a)(1)-(14) ............................... 11, 12

Tex. Civ. Prac. & Rem. Code §51.014(d).....................................................11

Tex. Civ. Prac. & Rem. Code §51.014(f) ..................................................12

Tex. Civ. Prac. & Rem. Code §51.016 ............................................... 14, 15

Tex. Civ. Prac. & Rem. Code §171.098(a)(1) ............................................10

## Rules

Tex. R. App. P. 33.1.............................................................................. 29, 30

Tex. R. App. P. 52.3(j)..............................................................................12

Texas R. App. P. 52 ..................................................................................12

## STATEMENT OF THE CASE

*Nature of the Case*          This is an appeal from a trial court order denying the vacation of a prehearing security order issued by the arbitration panel in an underlying arbitration. The appeal also seeks review of a discovery order issued by the arbitration panel. Additionally, the appeal seeks the imposition of Texas procedural requirements on the underlying arbitration proceedings.

*Trial Judge*          Hon. Michelle M. Slaughter, 405th District Court, Galveston County, Texas

*Trial Court's Disposition*          The trial court issued an order denying Appellants' Motion for Temporary Restraining Order, Temporary Injunction and Motion to Compel Arbitration, which denied Appellant's request to vacate the panel's Prehearing Security Order, its request that the court impose procedural rules on the underlying arbitration, and its request that the court disband the underlying arbitration panel. CR 174.

## ORAL ARGUMENT

Appellee requests oral argument.

## ISSUES RESTATED

**Issue 1**    Does this court have jurisdiction to hear an appeal from a denial of a motion to vacate an arbitration award when the trial court's order did not dispose of all parties and claims to the case pending in the trial court.

**Issue 2**    Did the trial court err in refusing to vacate the arbitration panel's October 24, 2014 Prehearing Security Order because the court lacked the authority to hear the motion to vacate under the Federal Arbitration Act?

1

**Issue 3**    If the trial court had the authority to review the arbitration panel's Prehearing Security Order, did the trial court err in refusing to vacate the arbitration panel's October 24, 2014 Prehearing Security Order because the arbitrators did not exceed their authority under the Federal Arbitration Act?

**Issue 4**    May the trial court vacate the arbitration panel's January 12, 2015 Discovery Order on the grounds that the panel exceeded its authority in issuing the order if it was not raised in the trial court?

**Issue 5**    Did the trial court err in refusing to impose procedural rules on the arbitration proceeding?

## THE RECORD

The Clerk's Record contains one volume referenced here as CR [page]. The Reporter's Record also contains one volume referenced here as RR [page and line]. References to the Appellant's brief are referenced here as BR[page].

## PROCEDURAL HISTORY

National Accident Insurance Underwriters ("NAIU") sought arbitration against American National Insurance Company ("American National") beginning in March of 2009. CR 4, 25. In accordance with their arbitration agreement, the parties each named a party-appointed arbitrator, but quickly ran into a dispute regarding the appointment of a neutral umpire. CR 4-8, 24-25.That dispute led NAIU to file a declaratory judgment in the trial court seeking various determinations, including:

- that the parties' contract was governed by Illinois procedural and substantive law;

2

- that the parties' contract was not enforceable due to lack of consideration;
- that NAIU had not breached any contractual duties to American National;
- that NAIU's arbitration demand was timely;
- that American National failed to timely designate any umpire candidates,
- that American National waived its right to designate any umpire candidates,
- that NAIU had timely named its party appointed arbitrator;
- that a particular disputed individual was timely designated as umpire;
- that American National had frustrated, delayed and refused to participate in the arbitration; and
- that the purported umpire and NAIU's party-appointed arbitrator were entitled to make determinations of law and fact necessary to resolve the arbitration.

CR 25.

Additionally, by way of a motion that was not ruled upon, NAIU (1) sought an order requiring American National to comply with a Cease Fire and Tolling Agreement (an agreement between the parties to, among other things, toll the statute of limitations on the parties' respective claims against one another)  and (2) asked for a determination that American National's counterclaims in the arbitration were barred by limitations under that Cease Fire and Tolling Agreement. CR 24, 185 (Motion for Prospective Injunction 5/7/12). *See also, Drobny v. Am. Nat'l Ins. Co.*, 2013 WL 4680411 at *3 (Tex. App.—Houston [1st Dist.], August 29, 2013, no pet.). American National brought a counterclaim against NAIU seeking the following declarations:

3

- that the arbitration agreement between the parties was valid and enforceable and that the substantive dispute between the parties was arbitrable;
- a determination of umpire candidates qualifications;
- that must NAIU withdraw unqualified candidates and name qualified umpire candidates;
- that American National timely nominated its umpire candidates,
- that umpire candidates must provide complete disclosures to enable the parties to exercise their strikes;
- a declaration regarding the method used to "draw lots" to determine final umpire candidate;
- to set deadlines for such actions; and
- that American National's arbitration demand was timely.

CR 2-9.

After the parties' claims were filed with the trial court, NAIU sought to institute an arbitration in contravention of the parties' arbitration agreement. In response, American National filed a motion for temporary injunction, enjoining the sham arbitration as the issue of umpire selection was before the court for its review, and a motion to compel NAIU to participate in the arbitration in accordance with the terms of the parties' arbitration agreement. The trial court granted American National's motions; NAIU appealed both orders and this Court affirmed the temporary injunction order but determined that it lacked jurisdiction to review the order compelling NAIU to arbitration. *Drobny*, at *5-6. Neither the temporary injunction nor the motion to compel arbitration orders stayed the trial court proceedings.

4

After this Court's opinion was issued, the parties agreed on an umpire and the arbitration process began.

On March 24, 2014, the trial court placed the case on a dismissal for want of prosecution docket and set a dismissal hearing for May 15, 2014. CR189. NAIU filed a motion to retain the case on the docket, but did not appear at the hearing. CR189. Counsel for American National appeared at the hearing and did not oppose retaining the case on the docket as the matter should have been stayed after the matter was compelled to arbitration. CR189-90. *In re Gulf Exploration, LLC* 289 S.W.3d 836 (Tex. 2008) (courts should stay, not dismiss, cases pending arbitration). The case was formally stayed pending the completion of the arbitration on May 15, 2014. CR 49.

## STATEMENT OF FACTS

This matter concerns an underlying arbitration between NAIU[1] and American National involving a dispute related to a National Accident Insurance Group Participation and Underwriting Agreement ("Underwriting Agreement") between the parties. CR2. *Drobny*, at *1.

Pursuant to that Underwriting Agreement NAIU acted as a managing general underwriter for American National and was authorized to market, sell,

---

[1] Irving Drobny was a principal of NAIU. For purposes of its response to this Brief, American National includes Drobny it its definition of NAIU, and the term "NAIU" collectively refers to Drobny, NAIC and NAIU.

underwrite, and issue various types of insurance issued by American National. *Drobny*, at *1. Additionally, NAIU was to collect and hold premiums for the written insurance in a fiduciary capacity for American National. *Drobny*, at *1.

In 2001, it was discovered that an officer of NAIU embezzled premiums from actual American National policies, wrote fraudulent policies on American National paper, retained premium on those policies, and caused millions of dollars in damages to American National. American National had to pay claims on the fraudulent policies and the actual policies where the premiums were embezzled. CR 2, 17, 24. *Drobny*, at *1.

The parties dispute the amount of premium that was embezzled by NAIU's officer and the amount of damage caused by the fraudulent policies. However, NAIU admits in its pleadings before the arbitration panel that approximately $2.6 million was embezzled on actual policies and that American National suffered $23.2 million in damages from the fraudulent policies—for a minimum total of $25.8 million in damages to American National due NAIU's acts. CR 147-48.

NAIU contends it should be paid approximately $4.7 million for management fees and commissions on the fraudulent and embezzled-premium policies (despite the fact that American National received no, or reduced, premiums in those instances). NAIU also contends that American National improperly took approximately $800,000 from American National's own premium

trust account. NAIU alleges American National owes NAIU, in total, approximately $5.5 million (exclusive of attorney's fees and interest). CR 147-48.

On March 9, 2012, NAIU demanded arbitration pursuant to the arbitration provision ("Arbitration Agreement") contained in the Underwriting Agreement. CR 4, 25. American National cross-claimed against NAIU. After a dispute involving the appointment of an umpire that was the subject of another appeal before this Court, the parties began the arbitration on or about March 20, 2014. CR 163, *Drobny v. Am. Nat'l Ins. Co.*, 2013 WL 4680411 (Tex. App.—Houston [1st Dist.] August 29, 2013, no pet.).

On August 1, 2014, American National asked the arbitration panel to require NAIU to post $20 million in prehearing security on the basis that if security were not required, it would render any award against NAIU meaningless. CR 85-89. Without the order, NAIU could deplete any funds it may have that could be used to satisfy an award. *Id*. American National relayed to the panel that NAIU had settled a related case with Citibank for $2 million involving some of the exact funds at issue in this matter.[2] Despite the fact that those funds belonged to American National, NAIU kept the settlement for itself. CR 85.

---

[2] Citibank permitted NAIU's officer to negotiate altered premium checks so that those funds could be diverted away from American National's premium trust account. That account was held by NAIU, in its name, in a fiduciary capacity for American National.

NAIU responded, American National replied, and on October 24, 2014, after full briefing, the arbitration panel issued an order requiring NAIU to post $20 million in prehearing security ("Prehearing Security Order"). CR 74, 78-79, 81-83. The pretrial security could be in the form of "a letter of credit, bond, or other forms of negotiable instruments." CR 74. The panel delivered the Prehearing Security Order to counsel for the parties on October 24, 2014. CR 153-54, 156-61.

On January 12, 2015, the arbitration panel issued a discovery order ("Discovery Order"), which reaffirmed its earlier Prehearing Security Order and which made certain other discovery rulings. CR 75-76.

On March 4, 2015, more than four months after the Prehearing Security Order was issued, NAIU filed a "Motion for Temporary Restraining Order, Temporary Injunction and to Compel Arbitration" ("Motion") in the trial court seeking to vacate the Prehearing Security Order, impose procedural rules on the arbitration and/or to disband the arbitration panel. CR 50-95.

American National responded and on May 1, 2015, after a hearing, the trial court issued an order denying NAIU's Motion. CR 100-173, 174. Specifically, the trial court denied NAIU's request to vacate the panel's Prehearing Security Order, denied NAIU's request that the court impose procedural rules on the underlying arbitration, and denied NAIU's request that the court disband the underlying arbitration panel. CR 174.

8

On May 7, 2015, NAIU filed its Notice of Appeal regarding this matter. CR 175 – 176.

## SUMMARY OF THE ARGUMENT

This Court lacks jurisdiction to hear this matter. NAIU's allegations of interlocutory jurisdiction in this matter are inappropriate. Neither of the statutes cited by NAIU apply, nor has NAIU complied with the rules for filing mandamus actions. Moreover, no other basis exists establishing jurisdiction for this appeal.

The trial court did not err in refusing to vacate the Prehearing Security Order because NAIU's request was not timely pursuant to the FAA. Under the FAA, the trial court cannot grant NAIU the relief it requests because NAIU filed its motion more than three months after the Prehearing Security Order was issued and delivered.

Even if the trial court could review the order, it still did not err in refusing to vacate the Prehearing Security Order because the trial court's ability to review an arbitration award is extremely narrow and there is evidence that the arbitrators did (even arguably) construe the Underwriting Agreement when issuing the Prehearing Security Order.

NAIU cannot appeal the issuance of the Discovery Order because that Order was not at issue in NAIU's Motion, was not argued at the hearing on NAIU's Motion and is not addressed in the trial court order appealed from. CR 50-57, 174.

Additionally, the Discovery Order is an interlocutory order from an arbitration panel for which there is no judicial review.

Finally, the trial court did not err in refusing to apply procedural rules on the underlying arbitration as matters of arbitral procedure are left to the arbitrators, not to the courts.

## ARGUMENT

### I.  This Court lacks jurisdiction to consider this appeal.

Although NAIU cites three avenues for jurisdiction in this Court, none are appropriate. Additionally, no other basis for jurisdiction exists for this appeal.

### A.  Tex. Civ. Prac. & Rem. Code §171.098(a)(1) does not confer jurisdiction on this Court for interlocutory appeal.

NAIU alleges that this Court has jurisdiction to hear this appeal pursuant to the Texas Arbitration Act ("TAA"). However, NAIU makes no allegation that the TAA applies to this dispute. This Court has previously declined to make that determination. *Drobny*, at \*6 (but see fn 1 stating that the TAA is not applicable to this case).

However, if the TAA does apply, Tex. Civ. Prac. & Rem. Code §171.098(a)(1) does not confer jurisdiction on this Court. Section §171.098(a)(1) provides that a party may appeal a judgment or decree entered into under the TAA denying an application to compel arbitration made under Section 171.021. Section 171.021 outlines the circumstances upon which a court can compel parties to

10

arbitration under the TAA. However, there is no indication that the order appealed from in this matter was entered pursuant to the TAA, nor did NAIU move to compel American National to arbitration pursuant to the TAA. CR 50-57. The TAA is not mentioned in NAIU's Motion. *Id*. In fact, NAIU did not ask the trial court to compel American National to arbitration at all—the title of its Motion contains the words, "and to compel arbitration" but the substance of the motion did not ask for any such relief. *Id*.

Moreover, NAIU has not sought review of the trial court's refusal to compel American National to arbitration. Instead, NAIU's appeal is related to the trial court's refusal to vacate arbitration orders. BR 4-20. NAIU cannot use Section171.098(a)(1) as a basis for jurisdiction when it is not appealing the portion of the order related to the purported motion to compel. Because neither the order appealed from nor the Motion indicate that they were made subject to the TAA, and because this appeal does not concern the trial court's refusal to compel American National to arbitration, Section 171.098(a)(1) does not confer jurisdiction on this Court.

**B.    Tex. Civ. Prac. & Rem. Code §51.014(d) does not confer jurisdiction on this Court for interlocutory appeal.**

Texas Civ. Prac. & Rem. Code §51.014(d) permits a party to take an interlocutory appeal from an otherwise un-appealable order if the trial court issues a written order permitting such an appeal. The trial court in this matter has not

11

issued a written order permitting the appeal of this matter. Moreover, NAIU has not filed an application for interlocutory appeal explaining why an appeal is warranted under Section §51.014(d). Texas Civ. Prac. & Rem. Code §51.014(f). Interlocutory jurisdiction under Section §51.014(d) is not present.

**C.     NAIU has not established entitlement to mandamus relief.**

NAIU, "alternatively" asks this Court to consider its appeal a petition for mandamus. However, NAIU has not complied with Tex. R. App. P. 52. Specifically, NAIU failed to file a separate certification indicating that the person filing the petition reviewed it and established all factual statements are supported by competent evidence in the record. Tex. R. App. P. 52.3(j). Failure to provide such a certification is basis for the denial of a mandamus petition. *See, e.g. In re Jordan,* No. 05-12-00185-CV, 2012 WL 506579, at *1 (Tex. App.—Dallas Apr. 3, 2012, orig. proceeding) (mem. op.) (strict compliance with the rule is required or mandamus relief will be denied); *In re Butler*, 270 S.W.3f 757, 758 (Tex. App.—Dallas 2008, orig. proceeding) (relief denied, in part, because factual statements did not meet the rule requirements). Additionally, NAIU has not attempted to establish that the trial court clearly abused its discretion or that NAIU has no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) (orig. proceeding) (establishing two-prong test for mandamus review). Although NAIU

references mandamus relief in one sentence in its brief, it is clear that it is not seeking mandamus relief and any such petition should be denied.

### D. No other basis for jurisdiction exists.

#### 1. The May 1, 2015 order is not a final, appealable judgment and no appellate jurisdiction exists under Tex. Civ. Prac. & Rem. Code §51.012.

Unless authorized by statute, a court of appeals only has jurisdiction to review final judgments. Tex. Civ. Prac. & Rem. Code §51.012; *Bison Bldg. Materials, Ltd. V. Aldridge*, 422 S.W.2d 582, 585 (Tex. 2012). "A judgment is final for purposes of appeal 'if and only if it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that is a final judgment as to all claims and all parties.'" *Id*. at 73 (quoting *Lehmann v. Har-Con Corp*., 39 S.W.3d 191, 192-93 (Tex. 2001). Here, the May 1, 2015 order appealed from does not indicate that it is final judgment. CR 174. Moreover, it does not dispose of all parties and all claims because this case seeks relief from the court beyond a motion to compel arbitration and is currently stayed pending the resolution of the arbitration. CR. 49. The order staying the case contemplates potential future dealings in that court between the parties. Because the matter has not finally concluded, a final judgment does not exist and this Court does not have jurisdiction under Tex. Civ. Prac. & Rem. Code §51.012.

13

## 2. No statutory basis for interlocutory jurisdiction exists.

An appellate court only has jurisdiction over an interlocutory order if it is expressly permitted by statute. *Bison Bldg.* at 585. No statute permits this Court to exercise jurisdiction over NAIU's appeal.

The Texas general statue governing interlocutory appeals does not authorize an interlocutory appeal for a denial of a motion to vacate an arbitration award. Tex. Civ. Prac. & Rem. Code §51.014(a)(1)-(14).

That statute does, however, permit a party to appeal an interlocutory order from a district court on a matter involving the FAA "under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16." Tex. Civ. Prac. & Rem. Code §51.016. However, Section 16 of the FAA does not permit an appeal from an order denying a motion to vacate an arbitration award.

Section 16 does permit the appeal of a "final decision with respect to an arbitration that is subject to this title." Under federal law, a "final decision" is a decision that "'ends the litigation on the merits and leaves nothing more for the court to do but to execute the judgment.'" *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 86, 121 S. Ct. 513, 148 L.Ed.2d 373 (2000) (quoting *Digital Equip. Corp, v. Desktop Direct, Inc.*, 511 U.S. 863, 867, 114 S. Ct. 1992, 128 L. Ed.2d 842 (1994)). While the underlying arbitration between the parties should address most,

14

if not all, of the disputes raised (but stayed) in the trial court, it cannot be said that the May 1, 2105 order appealed from plainly disposed of the entire case, leaving no part pending. The trial court has not adjudicated all of the claims pending before it. For that reason, the May 1 order is not a "final decision" and this Court does not have jurisdiction over the appeal pursuant to Tex. Civ. Prac. & Rem. Code §51.016.

Because no statutory authority exists permitting this Court to review NAIU's appeal, it should be dismissed for lack of jurisdiction.

## II. **The trial court properly denied NAIU's Motion because it lacked the authority to vacate the Prehearing Security Order.**

### A. **The Federal Arbitration Act applies to the underlying arbitration.**

The Arbitration Agreement between the parties is subject to the Federal Arbitration Act ("FAA"). *Drobny*, at *6. The FAA describes the sole method available to vacate an arbitration award—by filing a motion to vacate within three months of the filing or delivery of that award. *ANR Coal Co., Inc. v. Cogentrix of N. C., Inc.*, 173 F.3d 493, 497 fn 1 (4th Cir. 1999); *Parisi v. Netlearning, Inc.,* 139 F. Supp.2d 745, 750 (E.D. Va. 2001). In order for NAIU to obtain the vacatur of the Prehearing Security Order, NAIU had to comply with the FAA.

15

**B.** **Despite the title of its Motion, NAIU sought to vacate the Prehearing Security Award.**

NAIU's Motion was entitled "Motion for Temporary Restraining Order, Temporary Injunction and to Compel Arbitration." Despite that title, however, NAIU did not seek a restraining order or any injunctive relief, but instead asked the trial court to vacate the Prehearing Security Order. CR 50-57. Courts look to the substance of a pleading to determine if the movant seeks to vacate an arbitration award. Artful pleading will not remove a request to vacate from the requirements of the FAA. *ANR Coal Co., Inc.*, 173 F.3d at fn 1 (bringing a motion to vacate as a new complaint was improper but allowed as no prejudice resulted); *Parisi*, 139 F. Supp.2d at 750 ("Aggrieved parties may not circumvent the FAA by packaging a motion to vacate as a fresh complaint."). Despite the title of its Motion, because NAIU attacked the Prehearing Security Order, its Motion is a motion to vacate under the FAA.

**C.** **Regardless of whether the Prehearing Security Order was an "award" subject to review under the FAA, the trial court lacked the authority to vacate the award.**

In order for a court to consider a motion to vacate an arbitration award, that motion must be brought within three months after the award is delivered. 9 U.S.C. §12. NAIU's argument that the FAA's three month statute of limitations does not apply to the Prehearing Security Order because that Order is not an "award" under the FAA is flawed. If the Order is not an "award" under the FAA, then the trial

16

court lacked the authority to consider the Motion. If the Order is an "award," then NAIU was required to serve its motion to vacate within three months after the Order was filed or delivered. Therefore, regardless of whether or not the Order is an "award" under the FAA, the trial court lacked the authority to consider NAIU's Motion.

### 1. If the Prehearing Security Order is not an "award" the trial court cannot review that Order.

NAIU argues that the Prehearing Security Order is not an "award," but only an interlocutory order. BR at 4-7. However, courts can only review arbitration "awards." 9 U.S.C. §9-10 (stating that courts may confirm or vacate "awards").[3] Courts cannot review interim or interlocutory rulings or orders. *In re Aker Kvaerner Ihi*, 324 S.W.3d 891, 894 (Tex.App.—Houston [14th Dist.] 2010, no pet.) (citing *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir. 1980)("If the FAA applies, as here, a trial court does not have the power to review any interlocutory ruling by an arbitration panel."); *Yasuda Fire & Marine Ins. Co. of Europe v. Cont'l Cas. Co.*, 37 F.3d 345 (7th Cir. 1994) ("If interim security does not constitute an award within [the FAA], the district court had no jurisdiction to

---

[3]Although NAIU cites to Texas law regarding the finality of a judgment, that law does not apply to the determination of finality of an arbitration award. The finality of awards is substantive law and is governed by the FAA and case law interpreting the FAA. *See In re: Chevron U.S.A., Inc.*, 419 S.W.3d 318,326 (Tex. App.—El Paso 2010, no pet.) ("[T]he finality of the arbitration orders is a matter of substantive law. Accordingly, we will apply federal law in determining whether the arbitration orders are final for purposes of confirmation and vacation."

hear [the] case."). If the Prehearing Security Order is not an award within the meaning of the FAA, as NAIU argues, the trial court lacked the authority to review it because "until an award has been made, a court is simply without authority to review the validity of arbitrators' interlocutory rulings." *In re Aker Kvaerner Ihi*, 324 S.W.3d at 894. Therefore, if this Court accepts NAIU's argument that the Prehearing Security Order is not an "award," it should affirm the trial court's denial of NAIU's motion to vacate.

> **2.      If the Prehearing Security Order is an "award" reviewable under the FAA, the trial court still could not review it because NAIU's Motion was untimely.**

> **a.      Prehearing security orders are "awards" under the FAA and are reviewable.**

Courts have determined that interim security orders, such as the Prehearing Security Order, are "awards" for purposes of judicial review under the FAA. In *Yasuda Fire*, the defendant in an underlying arbitration obtained an interim security award against the plaintiff in the case. The interim security was granted to minimize the risk that any ultimate award obtained by the defendant would be meaningless. The defendant moved to vacate the award in a United States district court. Before reaching a conclusion on the propriety of the district court's decision not to vacate the security award, the Seventh Circuit reviewed the panel's ruling to determine if it was an "award" under the FAA. The Court of Appeals reasoned that because of the importance of making arbitration proceedings meaningful, court

18

enforcement of interim arbitration security awards is appropriate and the ruling was an "award" that could be reviewed.

The Ninth Circuit reached a similar conclusion regarding interim security awards. In *Pac. Reinsurance Mgmt Corp, v. Ohio Reinsurance Corp*., 935 F.2d 1019 (9th Cir. 1991), the Court of Appeals found that an arbitration order requiring members of a reinsurance pool to place funds into an escrow account during the pendency of an arbitration between the members and the pool manager was a final, reviewable award. Like the *Yashuda Fire* court, the P*acific Reinsurance* court noted that such awards are reviewable because of the importance in "making the arbitration proceedings meaningful." *Id*. at 1023. *See also, Island Creek Coal Sales Co. v. Gainesville,* 729 F.2d 1046, 1049 (6th Cir.1984) (An interim award requiring a party to perform on a contract while an arbitration was pending deals with a separate, discrete, independent, severable issue and is reviewable.). The Prehearing Security Order in this case was issued to ensure that any ultimate award that might be issued to American National was meaningful and is a final, reviewable award under the FAA.

**b. The trial court lacked authority to vacate the Prehearing Security Order because NAIU's motion to vacate that award was untimely.**

Under the FAA, "[n]otice of a motion to vacate, modify or correct an award must be served upon the adverse party or his attorney within three months after the

19

award is filed or delivered." 9 U.S.C. §12 ("Section 12"). Courts are clear that motions to vacate filed outside of the three-month time frame established by Section 12 are barred and waive any complaint about the arbitration award. *Broemer v. Houston Lawyer Referral Serv.*, 407 S.W.3d 477, 480 (Tex.App.—Houston [14th Dist.] 2013, no pet.) (application to vacate an arbitration award one week outside of the three-month limitations period "is untimely and must be denied.") (citations omitted); *Cigna Ins. Co. v. Huddleston*, 986 F.2d 1418 (5th Cir. 1993) (late motion to vacate was time barred, even when raised as a defense to a motion for confirmation); *Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155, 1158 (10th Cir. 2007) ("A party to an arbitration award who fails to comply with the statutory precondition of timely service of notice forfeits the right to judicial review of the award.")(citing *Int'l Bd. Of Elec. Workers, Local Union No. 969 v. Babcock & Wilcox*, 826 F.2d 962, 966 (10th Cir. 1987)); *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) ("once the three-month period has expired, an attempt to vacate an arbitration award could not be made even in opposition to a later motion to confirm"); *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 177 (2nd Cir. 1984) ("a party may not move to vacate after three months from the time the arbitration panel issued its award."). The three-month deadline to file a motion to vacate an award applies to awards issued in ongoing, pending arbitrations. *La. Health Serv. Indem. Co. v. Gambro A B*, 756 F. Supp.2d 760, 766

(W.D. La. 2010) (rejecting movant's argument that the FAA did not address how Section 12 applied to an ongoing arbitration by concluding, "The language of Section 12 of the FAA is clear. The parties have three months (90 days) to raise any alleged invalidity of the Panel's award.")

Here, the Prehearing Security Order was issued and delivered to counsel for NAIU by the arbitration panel on October 24, 2014. CR 74. CR 153-54-, 156-61. American National also delivered the order to counsel for NAIU by facsimile on October 28, 2104, and by certified mail, return receipt requested on October 31, 2014 (the date it was received by counsel for NAIU). CR 153-54-, 156-61.NAIU's motion to vacate was not served on American National until March 4, 2015—more than four months after the Prehearing Order was delivered to NAIU. CR 57. Because NAIU's Motion to vacate the Prehearing Security Order was filed more than three months after the order was issued and delivered, NAIU's Motion was untimely and the trial court properly denied NAIU's request to vacate the Prehearing Security Order.

NAIU's argument that Section 12's three-month deadline runs from the panel's January 2015 Discovery Order, which "reconfirms" the October 2014 Prehearing Security Order, is incorrect. CR 75-76. The three-month deadline to move to vacate an arbitration order runs from the date the original order was filed

or delivered. *Broemer v. Houston Lawyer Referral Serv.*, 407 S.W.3d 477, 480 (Tex.App.—Houston [14th Dist.] 2013, no pet.)

In *Broemer*, an attorney and a lawyer referral service arbitrated a dispute about referral fees allegedly owed by the attorney to the service. The arbitrator issued an award in favor of the service on May 6, 2010. *Id.* at 479. The lawyer asked the arbitrator to reconsider the award and that request was denied on July 2, 2010. *Id.* at 481. On July 27, 2010, the service asked a Harris County district court to confirm the award. *Id.* at 479. On August 13, 2010, the attorney filed his motion to vacate. *Id.* The motion to vacate was denied. *Id.* On appeal, the service argued, and the appellate court agreed, that the attorney's motion to vacate the arbitration order was untimely. *Id.* at 480-81. The award was issued on May 6 and the motion to vacate was filed on August 6, three (3) months and one week later—one week outside of the FAA's three-month deadline. The attorney argued that the three-month deadline should run from the date his motion to reconsider was denied (July 2), not the date of the original award (May 6). The appellate court rejected that argument saying that the plain language of the FAA does not support the attorney's position—the deadline to move to vacate is three months after the date of the original order. *Id.*

Here, NAIU filed its motion to vacate four months after the Prehearing Security Order was issued in October of 2014. The fact that that Order was

reconfirmed in January of 2015 does not make NAIU's March 9, 2015 motion to vacate timely. In fact, *Broemer* instructs us that NAIU's argument on this issue is without merit. NAIU's motion to vacate was untimely and the trial court properly denied that motion.[4]

**III. Even if the trial court could consider NAIU's Motion, the trial court did not err in denying that Motion because the arbitrators did not exceed their authority; they interpreted the parties' contract and applied relevant case law.**

**A. Judicial review of an arbitration award is "exceedingly narrow" and arbitrators do not exceed their authority if they, even arguably, interpret the contract between the parties.**

Review of an arbitration award is exceedingly narrow. In fact, "the scope of judicial review of arbitration awards is 'among the narrowest known in the law.'" *First State Ins. Co. v. Nat'l Cas. Co.,* 781 F.3d 7, 9 (1st Cir. 2015) (citations omitted). Courts can only vacate arbitration awards in "very unusual circumstances." *Oxford Health Plans, LLC v. Sutter*, 133 S.Ct. 2064, 2068, 186 L.Ed2d 113 (2013). A party seeking relief from an arbitration award bears a significant burden. *Id*. When reviewing an award where it is alleged that the arbitrators exceeded their authority, "[i]t is not enough. . .to show that the

---

[4] NAIU argues that *Broemer* is distinguishable because it involved a final arbitration award, not an interim award. However, (1) as discussed above, the Prehearing Security Order, even if interim, is a final award for purposes of review under the FAA, and (2) the three-month deadline to move to vacate an award applies to ongoing, pending arbitrations. NAIU's attempt to distinguish *Broemer* fails.

[arbitrator] committed an error—or even a serious error." *Stolt-Nielsen, S.A. v. Animalfeeds Int'l*, 559 U.S. 662, 671, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010). Instead, "[t]he sole question for [a court] is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong." *Oxford Health Plans*, at 2068. In making this determination, courts "must resolve all doubts in favor of arbitration" *BNSF Ry. Co. v. Alstom Transp., Inc*. 777 F.3d 785, 788 (5th Cir. 2015).

> **B.    The arbitration panel construed the Underwriting Agreement and, for that reason, the trial court did not err in denying NAIU's motion to vacate the Prehearing Security Motion.**

The trial court could only vacate the Prehearing Security Order on grounds that the arbitrators exceeded their authority if it found, after resolving all doubts in favor of arbitration, that the panel did not "even arguably" construe the Underwriting Agreement. The facts do not support such a finding. NAIU's argument that the panel "does not refer to the contract, does not analyze the contract, and does not frame the Order in reference to the Contract" is incorrect. There is no dispute that the arbitration panel arguably construed the Underwriting Agreement.

In its Motion for Prehearing Security and its Reply to NAIU's Response to its Motion for Prehearing Security (collectively, "Security Motion") American National specifically commented on the contractual language between the parties.

American National pointed out that the Underwriting Agreement was silent on the issue of pre-hearing security and that it did not specifically prohibit such an award. It further pointed out that case law permitted arbitrators to issue prehearing security awards if there was no prohibition against such an award in the parties' contract. American National noted to the arbitration panel that, "[i]n order to determine whether or not an arbitrator can order pre-hearing security, courts look to the contract between the parties—not state or federal procedural law. If the contract explicitly prohibits pre-hearing security, then the arbitration panel may not make such an award....However, if the contract does not explicitly prohibit an award of pre-hearing security, the panel is free to make such an award." CR 78-79, 85-89. American National urged the panel to consider (1) the language in the contract between the parties, and (2) the case law interpreting a lack of contractual language regarding prehearing security when rendering its decision on the Security Motion.

NAIU, on the other hand, did not ask the panel to review the contract when making its decision, but instead pointed the panel to inapposite state and federal procedural laws concerning the posting of costs in trial court litigation.[5] CR 81-82. NAIU did not point to any contractual provision, or any case law regarding

---

[5]NAIU makes the same arguments to this Court. Instead of looking to the Underwriting Agreement and to case law interpreting arbitrators' powers under the FAA, which is the appropriate inquiry, NAIU looks to inapplicable state procedural law. BR 12-13, 16.

contract interpretation, that would prohibit the panel from granting American National's Security Motion. *Id.*

When issuing its Prehearing Security Order, the panel specifically noted that it had been presented with briefing by both parties and that it found "in favor of [American National's] Motion for Pre-hearing security." CR74. Because American National made frequent reference to both the contract and to relevant law interpreting the panel's ability to issue prehearing security when the contract did not prohibit such ruling, and because the panel, on the face of the Prehearing Security Order, found in favor of that briefing, it cannot be said that the panel did not "even arguably" interpret the Underwriting Agreement or that it was dispensing its own brand of justice. American National placed the terms of the Underwriting Agreement before the panel for review and the panel agreed, explicitly, with American National's Motion. CR 74, 78, 85. For these reasons, the trial court did not err in denying NAIU's motion to vacate the Prehearing Security Award.

**C.  Whether the arbitration panel misconstrued the Underwriting Agreement is not relevant to whether or not the trial court could vacate the Prehearing Security Order on the ground that the arbitrators exceeded their authority.**

The vast majority of NAIU's briefing related to is argument that the panel exceeded its authority is dedicated to how the panel *misconstrued* the contract, arguing that the contract does not permit prehearing security. However, whether

26

the panel got the "right" answer, is not the relevant question before a court reviewing an arbitration award. Instead, all the court can consider is whether or not the arbitrator "even arguably" construed the contract between the parties. *Oxford Health Plans*, at 2068.[6] Because it is clear that the panel construed the contract, even if they got the issue regarding prehearing security wrong (which American National denies), the panel's error is not sufficient grounds for a court to vacate the Prehearing Security Order. The trial court was correct in denying NAIU's Motion.

Nor do NAIU's allegations that the panel failed to comply with the Arbitration Agreement permit a court to review the Prehearing Security Order because NAIU does not allege that the panel failed to construe the contract when arriving at its ruling. Additionally, NAIU misstates the Arbitration Agreement itself when it alleges that a hearing and cross-examination of witnesses is required before the panel issues any ruling in this arbitration. BR 6. The Arbitration Agreement provides that the panel "shall issue its decision in writing upon evidence introduced at a hearing *or by other means* of submitting evidence…but in which cross examination and rebuttal shall be allowed *if requested*." *Drobny*, at

---

[6] "As we have said too many times to want to repeat again, the question for decision by a federal court asked to set aside an arbitration award. . . is not whether the arbitrator or arbitrators erred in interpreting the contract; it is not whether they clearly erred in interpreting the contract, it is not whether they grossly erred in interpreting the contract; it is whether they interpreted the contract." *Hill v. Norfold & W. Ry. Co.,* 814 F.2d 1192, 1194-95 (7th Cir. 1987).

*2. (emphasis added). American National contends that this section applies to a final ruling on the merits from the panel, but even if it applies to the Prehearing Security Order, there is nothing in the record to support NAIU's allegations that the provisions were not complied with. The provision does not require that the panel hold a hearing or that evidence be submitted at a hearing; evidence can be introduced "by other means." Nor does the provision require cross-examination of witnesses unless it is requested. There is nothing in the record to establish that NAIU requested the cross-examination of any witness. Finally, the record establishes, contrary to NAIU's assertion, that evidence was submitted in connection with the Security Motion (NAIU's discovery responses, evidence of the settlement between NAIU and Citibank, deposition excerpts, and references to NAIU's position statement).[7] CR 85, 87-88. Additionally the record establishes that NAIU itself provided the Underwriting Agreement at issue to the panel in connection with its position statement. CR 125 (Exhibit 1), 136.

Similarly, NAIU's argument that the Prehearing Security Order effectively ends the arbitration is inapposite. BR at 13. The amount of the security awarded is irrelevant to whether or not NAIU timely sought to vacate the award or whether

---

[7] Although it was not required by case law interpreting an arbitrator's ability to award pretrial security under the FAA and pursuant to the contract between the parties, American National did present evidence of its likelihood of success on the merits of the underlying lawsuit—despite NAIU's assertions to the contrary. CR 88.

the arbitration panel arguably construed the contract between the parties. Additionally, the appellate record establishes that NAIU was required to post the security by November 3, 2014, but that it failed to do so. CR 74-76. However, there is no evidence in the record showing that NAIU's failure to do so halted the arbitration. In fact, the record establishes that the arbitration continued, that NAIU was ordered to participate in discovery, and that the panel asked for a new scheduling order in the matter. CR 75-76.

III. **NAIU's arguments related to the Discovery Order are meritless because the Discovery Order was never placed in front of the trial court for review, but even if it had been, the trial court could not vacate the Discovery Order because it is not an "award," and thus not subject to review by the court.**

   A. **This Court should decline to consider NAIU's argument that the trial court should have vacated the Discovery Order because the issue was never presented to the trial court and the trial court never ruled on the Discovery order.**

This Court should decline to review NAIU's challenges to the Discovery Order because the Discovery Order was not at issue in NAIU's Motion, nor was it ruled upon by the trial court. CR 50-57, 174. "As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection or motion . . .and (2) the trial court: . . . (A) ruled on the request, objection or motion. . .or (B) refused to rule . . . and the complaining party objected to the refusal." Tex. R. App. P. 33.1.

29

Although the Discovery Order is attached as an exhibit to NAIU's Motion, it is not mentioned in the Motion nor was there any complaint raised about it in the Motion. *Id*. The Motion did not complain about any discovery directed toward Mr. Drobny individually, nor did it complain about Mr. Drobny being required to appear for deposition. *Id*. During the hearing on the Motion, counsel for NAIU mentioned—one time—that the arbitration panel had ordered Mr. Drobny to provide his personal financial information. RR at page 5, lines 2-5. However, no other mention was made of any other discovery matters. Additionally, the trial court order appealed from in this matter does not make any ruling on the Discovery Order nor does it reference any complaints regarding improper discovery that NAIU is now asserting in this Court. CR 174. The substance of the Discovery Order was simply not before the trial court and therefore complaints about it cannot now be raised on appeal.

**B.     The Discovery Order is not an "award" under the FAA and cannot be reviewed by a court.**

If this Court is inclined to hear NAIU's complaints about the Discovery Order, NAIU still cannot obtain the relief it seeks because the Discovery Order is not an "award" subject to judicial review.

Just as it does with the Prehearing Security Order, NAIU argues that the Discovery Order is not an "award," but only an interlocutory order. BR 4-7.  But as stated above in section, II (C)(1), courts can only review arbitration "awards," not

interim or interlocutory rulings or orders. 9 U.S.C. §9-10 *In re Aker Kvaerner Ihi*, 324 S.W.3d 891, 894 (Tex.App.—Houston [14th Dist.] 2010, no pet.) (citing *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir. 1980); *In Yasuda Fire & Marine Ins. Co. of Europe v. Cont'l Cas. Co.*, 37 F.3d 345 (7th Cir. 1994). Because NAIU admits that the Discovery order is interlocutory and because the FAA does not permit judicial review of interlocutory orders, the trial court may not review the Discovery Order.

## IV. The court cannot impose procedural rules on the underlying arbitration.

NAIU seeks to engraft procedural rules on the arbitration proceeding, specifically, the Texas Practice and Remedies Code and the Texas Rules of Civil Procedure. NAIU goes to great lengths to describe the particular procedural rules it contends should apply to the arbitration proceeding and uses those rules to attack both the Prehearing Security Order and the Discovery Order. BR 12, 14, 18-20. The Court should reject NAIU's attempt because the procedures to be applied by an arbitration panel are in the purview of the arbitration panel, not a court.

Federal policy does not favor conducting arbitrations under a certain set of procedural rules. *Volt Info. Sci., Inc. v. Bd. Of Tr. of Leland Stanford Junior Univ.*, 489 U.S. 468, 476 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). It is black letter law that the procedural aspects of arbitration are for arbitrators to decide, not courts. *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557, 84 S.Ct. 909, 11 L.Ed.2d

31

898 (1964) ("'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator."); *Smith Barney Shearson, Inc. v. Sherman*, 47 F.3d 750, 753 (5th Cir. 1995) (Supreme Court precedent requires that procedural matters be decided by the arbitrators). Case law clearly establishes that courts cannot impose procedural rules on an arbitration proceeding. For that reason, NAIU's arguments that the arbitrators exceeded their authority in issuing the Discovery Order based purely on Texas Rules of Civil Procedure in unavailable.

NAIU cites *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 99-100 (Tex.2011) for the proposition that Texas law is applied to procedural issues in arbitration proceedings. *Nafta Traders*, however, does not even address the procedural rules that should be used in an arbitration proceeding. The issue in *Nafta Traders* was whether the TAA precludes parties from agreeing to judicial review of an arbitration agreement for reversible error, and, if it did not, whether the FAA preempts the enforcement of such an agreement.[8] The Texas Supreme Court held that, "the FAA does not preempt all state-law impediments to arbitration; it preemptions state-law impediments to arbitration agreements." *Id.* at 101. There is

---

[8] In *Hall Street Assoc., LLC v. Mattel, Inc.*, 552 U.S. 576, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008), the Supreme Court held that the grounds for modifying or vacating an award under the FAA are exclusive and cannot be contractually supplemented by the parties. One issue for the *Nafta Traders* court was, if the TGAA allowed judicial review by contractual supplementation, did that conflict with the FAA such that the FAA preempted the TGAA on that issue.

32

no discussion in *Nafta Traders* as to what rules of procedure should be applied to an underlying arbitration.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Appellee American National Insurance Company requests that the Court affirm the judgment of the trial court. Appellee asks the Court to award attorney's fees and costs of court to Appellee and grant any such other relief to which Appellee may be entitled to in law or in equity.

Respectfully submitted,

**GREER, HERZ & ADAMS, L.L.P.**


By:  /s/ Roni S. Mihaly
    Janet L. Rushing
    State Bar No. 17403100
    Roni S. Mihaly
    State Bar No. 24027899
    David J. Booth
    State Bar No. 24034333
    2525 South Shore Blvd, Suite 203
    League City, Texas  77539
    (409) 797-3204
    (281) 538-3791 (FAX)

ATTORNEYS FOR AMERICAN
NATIONAL INSURANCE COMPANY

**CERTIFICATE OF COMPLIANCE**

Pursuant to Texas Rule of Appellate Procedure 9.4, I certify that there are 6,930 words in this document, excepting those portions of the brief listed in Rule 9.4(i)(1), as calculated by the word count feature of Microsoft Word 2010, which was used to prepare this document.

/s/ Roni S. Mihaly
Roni S. Mihaly


**CERTIFICATE OF SERVICE**

This is to certify that on the 16th day of October, 2015, a copy of the foregoing document was served pursuant to the Texas Rule of Appellate Procedure 9.5 upon the following counsel:

**Via E-File and Commerical Delivery Service**

Ms. Savannah Robinson
Law Offices of Savannah Robinson
1822 Main
Danbury, Texas 77534

/s/ Roni S. Mihaly
Roni S. Mihaly