**Opinion issued August 30, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00435-CV

———————————

## IN RE IRVING DROBNY, AS REPRESENTATIVE OF NATIONAL ACCIDENT INSURANCE GROUP AND NATIONAL ACCIDENT INSURANCE UNDERWRITERS, Relator

**Original Proceeding on Petition for Writ of Mandamus**

## MEMORANDUM OPINION

Relator, Irving Drobny, as representative of National Accident Insurance Group ("NAIG") and National Accident Insurance Underwriters ("NAIU") (collectively, "NAIU"), challenges the trial court's denial of its motion to vacate an arbitration panel's pre-hearing security and discovery orders entered in favor of real party in interest, American National Insurance Corporation ("ANICO"). Although NAIU originally filed this proceeding as an interlocutory appeal, it,

alternatively, requests that we treat its appeal as a petition for a writ of mandamus.[1] Because, as discussed below, we do not have jurisdiction over NAIU's appeal, we treat its appeal as a petition for a writ of mandamus.[2] In two issues, NAIU contends that the trial court erred in denying its motion to vacate the arbitration panel's pre-hearing security and discovery orders.

We deny the petition for a writ of mandamus.

## Background

In its first amended petition, NAIU alleged that in 1998, it and ANICO entered into an "Underwriting Agreement," in which ANICO authorized NAIU to market, underwrite, issue, and collect premiums for ANICO insurance policies. The Underwriting Agreement further "provides for payment of a percentage of the earnings of the agreed activities to NAIU." And it contains an arbitration provision, which applies to "all disputes arising from the interpretation or performance of" the agreement.

NAIU further alleged that in 2001, it was "determined" that one of its own vice presidents had "defrauded" both NAIU and ANICO out of $43 million "by

---

[1] The respondent is the Honorable Michelle M. Slaughter of the 405th District Court of Galveston County. The underlying suit is *Irving Drobny, as Representative of NAIU and NAIC v. Am. Nat'l Ins. Co.*, No. 12-CV-1131 (405th Dist. Ct., Galveston Cty., Tex.).

[2] *See CMH Homes v. Perez*, 340 S.W.3d 444, 452–53 (Tex. 2011) ("[C]ourt of appeals' original jurisdiction [invoked] by specifically requesting that its appeal be treated as mandamus petition.").

collecting premiums for policies that were not written by NAIU or ANICO." Thereafter, however, ANICO had "requested that claims be handled as though those policies had been issued." And after NAIU had "handled some $13.2 million in claims for ANICO under this agreement," ANICO "refuse[d] to pay the cost of the claims handling and other services provided." NAIU sought a declaration that it "had not breached any contractual obligation to ANICO"; it had timely demanded arbitration; ANICO had "frustrated, delayed, and refused to participate in" the arbitration process; and ANICO had "waived its right to designate" an umpire because it had not timely designated its candidates.

ANICO filed an answer, generally denying NAIU's allegations, and a counterclaim, seeking a declaration that the arbitration clause was valid and enforceable and governed the parties' dispute. ANICO also demanded arbitration and asserted that a qualified arbitration panel had not been appropriately constituted. And it asked the trial court to declare the applicable procedures and deadlines for designating an arbitration panel.

NAIU, in its answer to ANICO's counterclaim, "admit[ted]" that its former vice president had "victimized both NAIU and ANICO, in part by embezzling $13,019,911.68 in checks"; "sold unknown and unrecorded policies"; and "collected premiums for those policies in the amount of $23,170,354.60." It further admitted that the "total of his embezzlement exceeded $43,000,000."

3

NAIU directed the trial court to the Underwriting Agreement's arbitration provision, which, it asserted, provides, in pertinent part, as follows:

A. Except for disputes as to which specific performance, injunctive relief, or equitable relief . . . is sought, all disputes arising from the interpretation or performance of this Agreement shall be submitted to the decision of a board of arbitration composed of two arbitrators and an umpire, meeting in Galveston, Texas[,] unless otherwise agreed.

B. [procedures for appointment of arbitrators and umpire]

C. [deadlines for submitting statements to arbitration panel]

D. The board shall make its decision with regard to the custom and usage of the insurance and reinsurance business. The board shall issue its decision in writing upon evidence introduced at a hearing or by any other means of submitting evidence in which strict rules of evidence need not be followed, but in which cross examination and rebuttal shall be allowed, if requested. The board shall make its decision within [forty]-five days following the termination of the hearing unless the parties agree to an extension. The majority decision of the board shall be final and binding upon all parties [to] the proceeding. Judgment may be entered upon the award of the board in any court having jurisdiction thereof.

And NAIU asserted that it had nominated qualified candidates for the umpire position in accordance with the arbitration provision.

ANICO subsequently requested a temporary injunction and filed a motion to compel arbitration.[3] After a hearing, the trial court concluded that the arbitration provision is valid and enforceable and covers the parties' dispute about the alleged

---

[3] *See Drobny v. Am. Nat'l Ins. Co.*, No. 01-12-01034-CV, 2013 WL 4680411, at \*4 (Tex. App.—Houston [1st Dist.] Aug. 29, 2013, no pet.) (mem. op.).

4

breaches of the Underwriting Agreement. It found that NAIU had "refused to participate in the arbitration by failing to participate in the umpire selection process as required by the arbitration [provision]." And it granted a temporary injunction, prohibiting NAIU from taking any action on its own related to the umpire selection dispute until the trial court rendered a judgment. The trial court also ordered the parties to arbitrate their dispute and NAIU, specifically, to participate in the umpire-selection process.

In its appeal of the trial court's temporary-injunction order and order compelling arbitration, NAIU contended that the trial court had erred in halting an ongoing arbitration and disbanding an empaneled arbitration board.[4] This Court concluded that the trial court had acted within its discretion in entering the temporary injunction because it simply maintained the status quo until it could decide the issues in the declaratory actions filed by both parties. However, because the Underwriting Agreement, which involves multistate transactions between NAIU, an Illinois corporation, and ANICO, a Texas corporation, implicates interstate commerce, the Federal Arbitration Act ("FAA") governs the parties' dispute. And the FAA expressly prohibits an interlocutory appeal from an order

---

[4]        *Id.*

5

"directing [an] arbitration to proceed." Accordingly, we held that we did not have jurisdiction to consider the trial court's order compelling arbitration.[5]

Subsequently, the parties agreed on an umpire and began to arbitrate. ANICO then filed a "Motion for Prehearing Security," asking the arbitration panel to require NAIU to post security, "either by posting a bond or placing funds into an escrow account," pending the conclusion of the proceeding "so that ANICO may ultimately recover compensation for NAIU's and Drobny's many breaches of the [Underwriting Agreement]." ANICO asserted that after NAIU had "previously used ANICO's money for [its] own purposes," it then claimed that it "ceased to exist" and had a net worth of "zero." Further, although NAIU had "received a $2,000,000.00 settlement [from] Citibank regarding [NAIU] officer's theft of policy premium," and "the settlement amount represented stolen premium, NAIU [had] kept that money for itself." Thus, "an award of pre-hearing security [would] prevent NAIU and Drobny from transferring or otherwise depleting any funds that are available to pay any future award allowed by the panel."

ANICO further asserted that although the Underwriting Agreement does not expressly provide for pre-hearing security, courts have allowed arbitration panels to require such security on similar facts. And it argued that it was "likely to succeed on the merits of its claims" because NAIU had "admit[ted] that it, through

---

[5]     *Id.* at *6.

6

its officer, [had] stole[n] more than $17 million from the Premium Trust Account," which did not include the losses ANICO had sustained resulting from the "[u]nauthorized policies," and NAIU is seeking less than $5,000,000.00 in damages in return. ANICO requested that the arbitration panel "award prehearing security in the amount of $25,000,000.00 plus an amount sufficient to cover attorney's fees and costs of arbitration, by requiring NAIU and Drobny to place funds into escrow and/or post a bond pending the [a]rbitration [b]oard's final decision in this case." NAIU responded that there is "no procedural basis" in law for requiring security and ANICO has "no probability of success" on its claims.

On October 24, 2014, the arbitration panel issued an order requiring NAIU to "provide $20 million in pre-hearing security" in the form of "a letter of credit, bond, or other forms of negotiable instruments" to be released in accord with the panel's final arbitration award.

On January 12, 2015, the arbitration panel issued an "Order" granting ANICO's "Motion to Compel Discovery Responses and Depositions, Motion to Compel Compliance with Order Requiring Pre-Hearing Security and Motion for Continuance." The panel "reconfirm[ed] its October 24, 2014 order granting ANICO pre-hearing security" and it ordered NAIU to "comply with such order"; that the parties set a new pre-hearing schedule; that Drobny make himself available for deposition; and for NAIU to provide documents responsive to ANICO's second

7

set of interrogatories and requests for production, which were due on November 15, 2014.

On March 4, 2015, NAIU filed in the trial court a "Motion for Temporary Restraining Order, Temporary Injunction, and [Motion] to Compel Arbitration," in which it argued that the arbitration panel had "exceeded its authority" in requiring pre-hearing security because there is "no substantive requirement under the FAA for pre-hearing security"; Texas procedural rules do not provide for pre-hearing security; the terms of the arbitration agreement are silent about pre-hearing security; the reasoning of the panel is "unknown"; and there is "no evidence supporting the sum." NAIU requested that the trial court "fashion a remedy that fairly complies with the second Temporary Injunction, which require[d] that an arbitration go forward," by instructing it "as to what procedural rules should be followed" and mandating that it "dissolve the orders for pre-hearing security." Alternatively, NAIU suggested that the panel could be "disbanded" and a third panel chosen.

ANICO, in its response, asserted that "[a]lthough NAIU package[d] its motion as a request for a temporary restraining order and temporary injunction, it [did] not actually seek any injunctive relief." Rather, NAIU was actually asking the trial court to "vacate the Prehearing Security Order," which it could not do

because NAIU's request was untimely under the FAA.[6] ANICO further asserted that "the undisputed facts show that NAIU owed [it] at least $20 million."

At a hearing on NAIU's motion, NAIU argued that the panel's pre-hearing security order constituted a "death [penalty] sanction" because NAIU and NAIG are "extinct corporations" without any ability to post $20,000,000.00 in security. The trial court concluded that it had no authority to grant NAIU's motion to vacate the panel's pre-hearing security order because NAIU had failed to timely challenge it. Thus, the trial court denied NAIU's motion.[7]

## Jurisdiction

As a preliminary matter, ANICO argues that this Court lacks jurisdiction to decide NAIU's appeal because the challenged order of the trial court, in which it denied NAIU's motion to vacate the arbitration panel's pre-hearing security and discovery orders, is interlocutory, and we are without statutory authorization to consider it. NAIU asserts that we do have statutory authority to decide its appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(d) (Vernon Supp. 2015), 171.098(a) (Vernon 2011). Alternatively, NAIU asserts that we have jurisdiction

---

[6]     *See* 9 U.S.C. § 12 (2012).

[7]     As discussed below, the trial court, in its order, did not expressly rule on any discovery issues.

9

to consider its challenge to the trial court's order through its petition for a writ of mandamus.[8]

"Courts always have jurisdiction to determine their own jurisdiction." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012). Whether we have jurisdiction is a question of law, which we review de novo. *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). We have jurisdiction to consider an immediate appeal of an interlocutory order only if a statute explicitly provides such jurisdiction. *Koseoglu*, 233 S.W.3d at 840. We strictly construe statutes granting interlocutory appeals because they comprise a narrow exception to the general rule that interlocutory orders are not immediately appealable. *CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011).

NAIU first asserts that Texas Civil Practice and Remedies Code section 51.014(d) authorizes its appeal. Section 51.014(d) provides, in pertinent part, that "a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable" if certain conditions are met. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). However, the record in this case does not contain a written order from the trial court granting NAIU permission to appeal the

---

[8]    *See Perez*, 340 S.W.3d at 452–53.

challenged order. Thus, subsection (d) does not apply. *See id.* We further note that no other subsection of section 51.014 authorizes NAIU's appeal. *See id.* § 51.014 (authorizing interlocutory appeals).

NAIU next asserts that Texas Civil Practice and Remedies Code section 171.098(a)(1), i.e., the Texas Arbitration Act ("TAA"), authorizes its appeal. Section 171.098(a) provides that a party "may appeal a judgment or decree entered under this chapter or an order . . . denying an application to compel arbitration made under Section 171.021." TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.021 (Vernon 2011), 171.098(a)(1). Here, the trial court did not "enter[]" an order "under this chapter," i.e., the TAA, or deny an application to compel arbitration "under [s]ection 171.021." Rather, as discussed, this Court determined in a previous appeal in this case that the FAA governs the parties' arbitration. *See Drobny v. Am. Nat. Ins. Corp.*, No. 01-12-01034-CV, 2013 WL 4680411, at *5 (Tex. App.—Houston [1st Dist.] Aug. 29, 2013, no pet.) (mem. op.).

When applying the FAA, we look to federal law to resolve substantive issues, but apply state law to resolve procedural issues. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992); *see also In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 779 (Tex. 2006) (holding FAA and TAA not mutually exclusive). The availability of appellate review is a procedural issue. *Tipps*, 842 S.W.2d at

272. Thus, we apply Texas procedure in determining the proper avenue for review of the challenged order. *See id.*

In a case governed by the FAA, as here, the Texas Civil Practice and Remedies Code authorizes an interlocutory appeal as follows:

> In a matter subject to the [FAA] (9 U.S.C. Section 1 et seq.), a person may take an appeal or writ of error to the court of appeals from the judgment or interlocutory order of a district court, county court at law, or county court under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16.

TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (Vernon 2015); *see Perez*, 340 S.W.3d at 449.

Section 16 of the FAA provides:

(a)  an appeal may be taken from

　　(1)  an order

　　　　(A) refusing a stay of any action under section 3 of this title,

　　　　(B) denying a petition under section 4 of this title [failure to arbitrate under agreement] to order arbitration to proceed,

　　　　(C) denying an application under section 206 of this title [place of arbitration; appointment of arbitrators] to compel arbitration,

　　　　(D) confirming or denying confirmation of an award or partial award, or

　　　　(E) modifying, correcting, or vacating an award;

　　(2)  an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

> (3)   a final decision with respect to an arbitration that is subject to this title.
>
> (b)   Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order
>
> (1) granting a stay of any action under section 3 of this title;
>
> (2) directing arbitration to proceed under section 4 of this title;
>
> (3) compelling arbitration under section 206 of this title; or
>
> (4) refusing to enjoin an arbitration that is subject to this title.

9 U.S.C. § 16 (2012).

Here, NAIU's interlocutory appeal is authorized "only if it would be permitted under the same circumstances in federal court under section 16." *See Perez*, 340 S.W.3d at 449. In considering the "scope of section 16's jurisdictional grant," we first consider the nature of the order challenged. *Id.* The trial court's order, which is entitled, "Order Denying Plaintiff's Motion for Temporary Restraining Order, Temporary Injunction and [Motion] to Compel Arbitration," initially appears, in part, to fit within section 16 as an order "denying a petition . . . to order arbitration to proceed." *See* 9 U.S.C. § 16(a)(1)(B). However, the trial court issued its order in response to NAIU's motion requesting that it "make a determination of the applicable law" and "fashion a remedy that fairly complies with the second Temporary Injunction, which requires that an arbitration go forward," either by "instruct[ing]" the arbitration panel "as to wh[ich] procedural rules should be followed" and ordering it to "dissolve the order[] for pre-hearing security," or, alternatively, by "disband[ing]" the panel and appointing

13

a new panel. NAIU, in the substance of its motion, did not expressly request any injunctive relief or an order compelling ANICO to proceed with arbitration.

The trial court, in the challenged order, denied NAIU's request to (1) vacate the pre-hearing security order, (2) impose procedural rules in the underlying arbitration, and (3), alternatively, disband the arbitration panel. *See Perez*, 340 S.W.3d at 449 (citing *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992) ("[I]t is the character and function of an order that determine its classification.")). Such order is not included in section 16. *See* 9 U.S.C. § 16.

Further, it is clear that the trial court, in the challenged order, did not dispose of all parties and claims in this case or enter a dismissal of the underlying case. *See In re Gulf Expl., L.L.C*., 289 S.W.3d 836, 839 (Tex. 2009) ("[T]here can be an appeal if the underlying case is dismissed"). Thus, the trial court's order does not constitute the final decision in the case. *See* 9 U.S.C. § 16(a)(3); *Perez*, 340 S.W.3d at 451.

In sum, the trial court's order denying NAIU's motion to vacate is not a final order and does not fall within any of the statutory exceptions that authorize an interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016; *see also* 9 U.S.C. § 16. Thus, we do not have jurisdiction over NAIU's appeal. *See Perez*, 340 S.W.3d at 451. Accordingly, we treat its appeal as a petition for a writ of

14

mandamus. *See id.* at 452 ("[C]ourt of appeals' original jurisdiction [invoked] by specifically requesting that its appeal be treated as mandamus petition.").

**Pre-Hearing Security**

In its first issue, NAIU argues that the trial court abused its discretion in denying its motion to vacate the arbitration panel's pre-hearing security order because the trial court had authority to grant relief and the panel had "no authority" to require security. ANICO argues that the trial court lacked authority to vacate the panel's pre-hearing security order because NAIU did not timely seek vacatur.

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no adequate remedy by appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court abuses its discretion when it acts arbitrarily or unreasonably and without reference to any guiding rules or principles. *See Walker*, 827 S.W.2d at 839.

The second requirement for mandamus relief, that the petitioner has no adequate remedy by appeal, "has no comprehensive definition." *See In re Ford Motor Co.*, 165 S.W.3d at 317. Determining whether a party has an adequate remedy by appeal requires a "careful balance of jurisprudential considerations" that "implicate both public and private interests." *See id.* "When the benefits [of mandamus review] outweigh the detriments, appellate courts must consider

15

whether the appellate remedy is adequate." *Id*. An appeal is inadequate when the parties are in danger of permanently losing substantial rights. *In re Van Waters & Rogers, Inc*., 145 S.W.3d 203, 211 (Tex. 2004). Such a danger arises when an appellate court will not be able to cure the error, the party's ability to present a viable claim or defense is vitiated, or the error cannot be made part of the appellate record. *Id.*; *see also Tipps*, 842 S.W.2d at 272–73 (granting mandamus relief where party "would be deprived of the benefits of the arbitration clause it contracted for, and the purpose of providing a rapid, inexpensive alternative to traditional litigation would be defeated").

Where, as here, the FAA applies, a trial court does not have the power to review an arbitration panel's interlocutory decisions. *See In re Ihi*, 324 S.W.3d 891, 894 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Michaels v. Mariforum Shipping, S.A*., 624 F.2d 411, 414 (2d Cir. 1980)). Rather, it is only after an arbitration panel has made an "award" that a party may challenge the panel's determinations in a court by moving to modify, correct, or vacate the award. *Id*. Until an award has been made, a court is simply without authority to review the validity of an arbitration panel's interlocutory rulings. *Id.*

An arbitration award is presumed to be valid and is entitled to great deference. *Royce Homes, L.P. v. Bates*, 315 S.W.3d 77, 85 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Because judicial review "adds expense and delay,

16

thereby diminishing the benefits of arbitration as an efficient, economical system for resolving disputes," review of an arbitration award is "extraordinarily narrow." *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002); *IPCO-G.&C. Joint Venture v. A.B. Chance Co.*, 65 S.W.3d 252, 256 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Review is so limited that an arbitration award may not be vacated even if there is a mistake of fact or law. *Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 429 (Tex. App.—Dallas 2004, pet. denied). An award has the same effect as a judgment of last resort, and all reasonable presumptions are indulged in favor of the award. *Delgado*, 95 S.W.3d at 238.

An arbitration award governed by the FAA must be confirmed, unless it is vacated, modified, or corrected under certain limited grounds. *See* 9 U.S.C. § 9 (2012); *Thomas James Assocs., Inc. v. Owens*, 1 S.W.3d 315, 319–20 (Tex. App.—Dallas 1999, no pet.). The Supreme Court has held that the "statutory grounds provided in sections 10 and 11 of the FAA for vacating, modifying, or correcting an arbitration award are the exclusive grounds for vacating an arbitration award." *Bates*, 315 S.W.3d at 86 (citing *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584, 128 S. Ct. 1396, 1403 (2008)).[9] Section 10(a) authorizes a court to vacate an arbitration award if:

---

[9]  "*Hall Street* specifically addressed the ability of parties to an arbitration agreement to contractually agree to expanded grounds for judicial review of an arbitration award. The Supreme Court held that parties could not contractually agree to

(1)    the award was procured by corruption, fraud, or undue means;

(2)    there was evident partiality or corruption in the arbitrators, or either of them;

(3)    the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4)    the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a) (2012); *see Bates*, 315 S.W.3d at 86. A party seeking to vacate an arbitration award bears the burden of presenting a complete record that establishes grounds for vacating the award. *Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 564, 568 (Tex. App.—Dallas 2008, no pet.).

NAIU first argues that the arbitration panel's pre-hearing security order is simply an "interlocutory" ruling and does not constitute an "award" under the FAA because it "does not meet the standard of finally resolving the dispute, or any part of the dispute." Again, where, as here, the FAA applies, a court, "until an award has been made," is simply "without authority to review the validity of arbitrators' interlocutory rulings." *See In re Ihi*, 324 S.W.3d at 894. Thus, to the extent that

---

grounds that deviated from those prescribed in the FAA." *Royce Homes, L.P. v. Bates*, 315 S.W.3d 77, 86 n.9 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S. Ct. 1396, 1400–03 (2008)).

the arbitration panel's pre-hearing security order is an interlocutory ruling, the trial court was without authority to review it, and it did not abuse its discretion in denying NAIU's motion to vacate the order. *See id.*; *see also Walker*, 827 S.W.2d at 839.

NAIU next argues that even that if the arbitration panel's ruling constituted a final award, a theory it does not espouse, then the trial court abused its discretion in denying the motion to vacate on the ground that it was not timely filed.

The finality of an arbitration order is a matter of substantive law. *In re Chevron*, 419 S.W.3d 329, 337 (Tex. App.—El Paso 2010, orig. proceeding). Accordingly, federal law governs whether an arbitration order is "final for purposes of confirmation [or] vacat[ur]." *Id.* Normally, an arbitral award is deemed final when it evidences the arbitrators' intention to resolve all claims submitted for arbitration. *See* 9 U.S.C. § 10(a)(4); *see also Fradella v. Petricca*, 183 F.3d 17, 19 (1st Cir. 1999); *Michaels*, 624 F.2d at 413. However, federal courts have recognized exceptions to the finality requirement. *In re Chevron*, 419 S.W.3d at 338. For instance, courts have considered an arbitration panel's "interim order of security" to be a "final award" "for purposes of confirmation or vacat[ur]" where the interim order was necessary to prevent the potential "final award from becoming meaningless." *See Yasuda Fire & Marine Ins. Co. of Eur. v. Cont'l Cas. Co.*, 37 F.3d 345, 348 (7th Cir. 1994); *Pac. Reinsurance Mgmt. Corp. v. Ohio*

*Reinsurance Corp.*, 935 F.2d 1019, 1023 (9th Cir. 1991) ("interim security order" providing "temporary equitable relief" necessary to make potential award meaningful final and subject to confirmation).

Even were we to conclude that the exception applies and the arbitration panel's pre-hearing security order constitutes a final award, the trial court did not abuse its discretion in denying NAIU's motion to vacate the award because NAIU filed its motion outside of the statutory limitations period.

"Procedural matters relating to the confirmation and vacat[ur] of arbitration awards in Texas courts are governed by Texas law even if the FAA supplies the substantive rules of decision." *Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 804 (Tex. App.—Dallas 2008, pet. denied). Under the TAA, a "party must make an application [to vacate an award] not later than the 90th day after the date of delivery of a copy of the award to the applicant." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088 (Vernon 2011); *see also* 9 U.S.C. § 12 (2012) ("Notice of a motion to vacate, modify, or correct an award must be served within three months after the award is filed or delivered."). If a party does not file a motion to vacate the award by the expiration of that time period, the trial court is required to grant an order confirming the award. TEX. CIV. PRAC. & REM. CODE ANN. § 171.088; *see also* 9 U.S.C. §§ 9, 12.

Here, the limitations period for filing a motion to vacate the arbitration panel's prehearing security award began to run no later than October 24, 2014, the date the arbitration panel entered its order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088; *see also* 9 U.S.C. § 12. And the limitations period expired on January 24, 2015. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088; *see also* 9 U.S.C. § 12. Because NAIU did not file its motion to vacate the award until March 4, 2015, which was well after the limitations period had expired, the trial court had "a ministerial duty to deny" his motion. *See In re Chevron*, 419 S.W.3d at 339 (conditionally granting mandamus where trial court did not deny motion to vacate arbitration panel's award filed after expiration of limitations period); *Eurocapital Grp., Ltd.*, 17 S.W.3d at 430; *see also Cigna Ins. Co. v. Huddleston*, 986 F.2d 1418, 1993 WL 58742, at *11 (5th Cir. 1993) (failure of defendant to move to vacate arbitral award within three-month limitations period "bar[red] him from raising the alleged invalidity of the award").

NAIU argues that it timely filed his motion to vacate because the limitations period did not begin to run until January 12, 2015, the date that the arbitration panel "reconfirm[ed]" its October order. The plain language of the statute does not support such an interpretation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088. Moreover, the record shows that the trial court's January 12, 2015 order was entered in response to *ANICO's* motion to compel NAIU's compliance with the

21

October 24, 2014 order, and not a motion for reconsideration by NAIU. Once the statutory limitations period expires, an attempt to vacate an arbitration award cannot be made even in opposition to a later motion to confirm the award. *See Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986). An application to vacate filed outside the statutory limitations period is untimely and must be denied. *See Eurocapital Grp., Ltd.*, 17 S.W.3d at 432 (application to vacate award filed outside statutory limitations "forfeited . . . judicial review of the award").

We conclude that the trial court did not abuse its discretion in denying NAIU's motion to vacate the arbitration panel's pre-hearing security order on this ground. *See Walker*, 827 S.W.2d at 839.

NAIU further asserts that there is no authority for requiring pre-hearing security during arbitration. Generally, the power and authority of the arbitrators in an arbitration proceeding is defined by the contract containing the arbitration agreement. *See Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002); *see also Myer v. Americo Life, Inc.*, 232 S.W.3d 401, 408 (Tex. App.—Dallas 2007, no pet.) (holding arbitrator's authority is "defined by the contract containing the arbitration clause and by the issues actually submitted to arbitration"). However, NAIU has not made the arbitration agreement part of the mandamus record.

Again, the FAA and TAA are not "mutually exclusive," and the FAA preempts state statutes only to the extent that they are inconsistent with the FAA.

22

*In re D. Wilson Constr. Co*., 196 S.W.3d at 779. The FAA does not speak to pre-hearing security. *See* 9 U.S.C. §§ 1–16 (2012). We note, however, that the TAA provides that a trial court, either during arbitration or after its conclusion, may require security for the satisfaction of a judgment that may later be entered on an arbitration award. TEX. CIV. PRAC. & REM. CODE ANN. § 171.086(b)(4) (Vernon 2015).

Although the TAA does not specify any procedural safeguards that a trial court must undertake to ensure the fairness of any security ordered, appellate courts have held that a trial court "at a minimum, is required to permit the *nonmovant* [an] opportunity at a hearing to introduce evidence addressing the probable validity of the underlying claims." *See In re Noteboom*, 111 S.W.3d 794, 798 (Tex. App.—Fort Worth 2003, no pet.) (emphasis added). Here, the record shows that the trial court held a hearing on NAIU's motion to vacate the pre-hearing security order. However, NAIU did not present any evidence at the hearing.

Accordingly, we hold that the trial court did not abuse its discretion in denying NAIU's motion to vacate the arbitration panel's pre-hearing security order.

We overrule NAIU's first issue.

23

## Discovery Order

In its second issue, NAIU argues that the "[arbitration] panel exceeded its authority" in ordering Drobny to "produce his personal records" and appear for deposition because he is "not a party" in his individual capacity.

As discussed, we do not have appellate jurisdiction over interlocutory appeals from an arbitration panel's discovery orders. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016; *see also* 9 U.S.C. § 16(a). Further, we do not have mandamus jurisdiction over an arbitration panel. *See* TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004). And NAIU does not direct us to any point in the record in which it challenged the arbitration panel's discovery order in the trial court. It does not mention discovery in its "Motion for Temporary Restraining Order, Temporary Injunction and to Compel Arbitration." And the trial court, in its order, did not expressly rule on any discovery issues. A party's right to mandamus relief requires a predicate request for some action in the trial court and a refusal of that request. *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999).

We overrule NAIU's second issue.

**Conclusion**

We deny NAIU's petition for a writ of mandamus.

                                   Terry Jennings
                                   Justice

Panel consists of Justices Jennings, Massengale, and Huddle.